UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                    Plaintiff,                Case No. 23-cv-12804
                                          Honorable:

vs.                                     Mag. Judge:

$115,760.00 U.S. Currency,

                    Defendant *in rem*.

---

## Complaint for Forfeiture

---

Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Catherine E. Morris, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

### Jurisdiction and Venue

1.     This is an *in rem* civil forfeiture action under 18 U.S.C. § 981 (a)(1)(C) related to a violation or violations of 18 U.S.C. § 1956 and/or pursuant to 21 U.S.C. 881(a)(6).

2.     This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3.      This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4.      Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5.      Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## Defendant in rem

6.      The Defendant *in rem* consists of $115,760.00 U.S. Currency.

7.      Members of the Homeland Security Investigations ("HSI") seized the Defendant *in rem* in Woodhaven, Michigan on June 27, 2022.

8.      The Defendant *in rem* is currently in the custody of HSI.

## Statutory Basis for Civil Forfeiture

9.      Title 21 U.S.C. § 881 governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . .[a]ll moneys,

negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter. 21 U.S.C. § 881(a)(6).

10.    Title 18 U.S.C. § 1956(a)(1)(B) prohibits knowingly conducting a financial transaction involving the proceeds of "specified unlawful activity," knowing that the transaction is designed in whole or in part to: conceal or disguise the nature, the location, the source, the ownership, or the control of such proceeds; or, avoid a transaction reporting requirements.

11.    Title 18 U.S.C. § 981(a)(1)(A) provides for the forfeiture of "any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

## Factual Basis for Civil Forfeiture

12.    The Defendant *in rem* was involved in a knowing violation or violations of 18 U.S.C. § 1956(a)(1)(B) and/or was furnished, or was intended to be furnished, in exchange for a controlled substance, is proceeds traceable to such an exchange or were monies used or intended to be used to facilitate a violation of Title 21 of the United States Code and are therefore subject to federal forfeiture

3

pursuant to 18 U.S.C. § 981(a)(1)(A) and/or 21 U.S.C. § 881(a)(6). Evidence

supporting forfeiture includes, but is not limited to, the following:

a.      On or about September 2021, HSI began investigating a drug

trafficking organization and large-scale money laundering organization

operating in the Detroit, Michigan area, as well as additional cities

throughout the United States.

b.      On or about June 27, 2022, members of HSI and Drug Enforcement

Administration ("DEA") (collectively referred to herein as "Agents")

conducted surveillance of a residential address in the Eastern District of

Michigan ("target residence"), based on information that the target residence

was being used as a collection point for bulk amounts of United States

Currency and narcotics.

c.      On or about June 27, 2022, Agents observed a black 2021 Chevrolet

Suburban ("Suburban") and a white 2019 Nissan Sentra ("Nissan") park

near the target residence.

d.      Shortly thereafter, Agents observed two Hispanic males (UM1 and

UM2) exit the target residence, enter the Nissan and then maintained

continuous mobile surveillance on the Nissan as it departed the area.

e.      Agents observed the Nissan pull into the parking lot of Foot Locker,

located on West Vernor Highway, Detroit, Michigan, and observed UM1

4

and UM2 exit Foot Locker carrying a white striped bag, re-enter the Nissan and depart the area while continuous mobile surveillance was maintained on the vehicle by Agents.

f.      Agents observed the Nissan park near the target residence where UM1 and UM2 exited the vehicle with the white striped Foot Locker bag and walked into the target residence.

g.      UM1 then left the target residence in the Nissan and drove to Oakland Mall, parked in front of Dicks Sporting Goods, then exited Oakland Mall with three shopping bags while continuous mobile surveillance was maintained by Agents.

h.      UM1 then drove the Nissan back to the target residence and went inside with the three shopping bags.  UM1 and UM2 then exited the target residence carrying a white bag (which was later determined to be a Foot Locker bag) and departed the area in the Nissan.

i.      Agents observed the Nissan park in the parking lot of Pho Chopstix on Telegraph Road, Southfield, Michigan and the two men walked into Pho Chopstix.

j.      UM2 was observed exiting Pho Chopstix and walking over to the driver side of a 2017 Toyota Camry ("Camry"). He was seen interacting with the driver of the Camry, who was later determined to be Jiefeng Zheng

("Zheng"). UM2 then walked over to the Nissan. Zheng was then observed walking over to the Nissan, and standing at the trunk of the Nissan before returning to the driver seat of the Camry. UM2 exited Pho Chopstix, got into the driver seat of the Nissan and departed the area.

k.      A review of surveillance camera footage that was conducted later showed that, while in the Pho Chopstix parking lot, UM1 exited the Nissan carrying the white Foot Locker bag and handed it to Zheng through the front driver side window of the Camry.

l.      Woodhaven Police Department ("WPD") conducted a traffic stop of the Camry and identified the driver as Zheng.

m.      Zheng was placed in handcuffs after he reached for a bag on the passenger side, backseat floorboard. Zheng stated that there were no weapons in the car.

n.      WPD located a plastic Foot Locker bag with a black shoe box inside with multiple bundles of American cash and a grey backpack with more bundles of American cash which Zheng stated did not belong to him.

o.      Zheng told Agents that all of the money in the shoebox and backpack was being loaned to him by his brother Jianguo Zheng.

**Claim for Relief**

6

13.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 10.

14.     The Defendant *in rem* is forfeitable to the United States of America under 18 U.S.C. § 981(a)(1)(A) because they were involved in a knowing violation or violations of 18 U.S.C. § 1956 and/or forfeitable pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds of and/or are funds that are traceable to the proceeds of controlled-substance offenses in violation of 21 U.S.C. § 841.

## **Conclusion and Relief**

Plaintiff respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

//

//

//

//

//

7

Respectfully submitted,

Dawn N. Ison
United States Attorney

S/Catherine E. Morris
Catherine E. Morris (P84371)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan  48226
(313) 226- 9562
Dated: November 3, 2023          Catherine.Morris@usdoj.gov

## VERIFICATION

I, Mark Koch, state that I am a Special Agent with the Homeland Security Investigations. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

Mark Koch, HSI SA

Dated: October 16, 2023